IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2001 Session

## THERESA ANN SAPP STAPLES v. RICHARD CHARLES STAPLES

Appeal from the Circuit Court for Sumner County
No. 18454-C     C. L. Rogers, Judge

No. M2000-02838-COA-R3-CV - Filed October 5, 2001

This is a post-judgment domestic relations case. The principal alleged issue is whether a non-custodial parent may be judicially coerced to exercise visitation privileges. The appealed Order is not imperative and the asserted issue is not a genuine one. Because the judgment is marginally ambiguous we modify it to incorporate a measure of fairness.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed as Modified**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J. M.S. and WILLIAM C. KOCH, JR., J., joined.

Bruce N. Oldham and Sue Hynds Dunning, Gallatin, Tennessee, for the appellant, Richard Charles Staples.

Curtis M. Lincoln, Hendersonville, Tennessee, for the appellee, Theresa Ann Sapp Staples.

### OPINION

### I.

These parties were divorced August 9, 1999. Their Marital Dissolution Agreement [MDA] was approved. It provided that Wife will have the exclusive care, custody and control of their minor daughter, and that Husband shall have visitation with the daughter every other weekend from 5:00 p.m. on Friday until 6:00 p.m. on Sunday provided that if for any reason he should not exercise that visitation, he will pay the cost of a baby sitter.

On February 1, 2000, wife filed a petition for contempt, alleging that "recently with almost no notice to the plaintiff . . . defendant refused to pick up the child. . . . knowing that the plaintiff had made plans of her own . . ." She alleged that she was required to cancel her plans or pay a sitter, which she was unable to do.

The petition sought enforcement of the final decree, and, alternatively, that the decree be amended to provide that if the defendant fails to visit daughter he will reimburse the plaintiff for baby-sitting services at the rate of $7.00 per hour.[1]

Husband responded to the petition stating, by verified answer, that on one occasion he appeared at Wife's residence to take daughter for weekend visitation and Wife, in an angry and ugly manner began to berate him over a girl friend. He left without taking daughter.

The petition was heard September 20, 2000. The court declined to treat it as one for contempt, but considered only the alternative relief requested. After noting that daughter is 17 years old, and severely handicapped, the trial judge found

> [t]he father SHALL exercise his visitation every other weekend as set forth in the Final Order. Further, *if he cannot do so personally, he shall make arrangements for and to assure that an appropriate sitter is provided for the child at his costs.* [Emphasis supplied].

## II.

Husband appeals and presents for review these issues: (1) whether a non-custodial parent can be affirmatively ordered and mandated to exercise visitation with a disabled child; and (2) whether the Petition for Contempt may be treated as a request for modification of the final decree. Review is *de novo* on the record with a presumption of correctness unless the evidence preponderates against the judgment. Rule 13(d) T.R.A.P.

## III.

We do not interpret the judgment entered pursuant to the hearing on the Petition for Contempt as starkly coercing Husband to visit his daughter as ordered, with no exceptions. The use of the mandatory word "shall," (pejoratively spelled in upper case letters) might, standing alone, be considered as judicial coercion, but the succeeding sentence is explanatory and ameliorates the concern of Husband.

The judgment is not without its ambiguities, but the record as a whole tends to indicate that the trial judge, and, for that matter, the parties themselves, intended to afford Wife a respite from her clearly arduous responsibility for the afflicted child by requiring Husband to take actual physical custody of the child during his scheduled visitations. The record reveals that on occasion and for a valid reason, Husband might be unable to take actual physical custody of his daughter during his visitation, in which event he must make arrangements for a competent care-giver, at his expense and in a timely manner. It does not comport with fairness to onerate wife with the burden of making these arrangements; hence, the judgment will be modified to provide clearly that it is the duty and

---

[1] This alternative relief is not very different from the provision of the MDA respecting visitation.

responsibility of Husband to provide, at his expense and in a timely manner, a competent surrogate care-giver for his daughter whenever he cannot for good reason exercise the ordered visitation.

As previously noted, we believe basic fairness requires Husband to provide a competent care-giver, at his expense, and in a timely manner, whenever he cannot exercise his scheduled visitation. This obligation replaces Husband's prerogative of "paying wife $7.00 per hour for the services of a sitter whenever he does not exercise visitation," which affords Wife little respite.

## IV.

The second issue is *de minimis*. Husband complains that the petition for contempt was unacceptably treated as a petition to modify the final decree, thus, giving him no notice of any sought-after modification. We note that the style of the petition for contempt is a misnomer, because nowhere does the petition allege contemptuous conduct or seek the imposition of sanctions against the Husband. Rather, the petition seeks only to have the original decree enforced, and, alternatively, that Husband pay Wife $7.00 per hour for the services of a sitter when he does not exercise visitation. Husband clearly understood the issue for trial as evidenced by his testimony.

The judgment as modified is affirmed at the costs of the appellant, Richard Charles Staples, and the case is remanded for all appropriate purposes.

_____
WILLIAM H. INMAN, SENIOR JUDGE